FILED

2016 APR 29 PM 3: 05

MIDDLE DIS...
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:16-CV-739-ORL-40-TBS

ANGELA SINGLETON, individually,

Plaintiff,

-vs-

SANTANDER CONSUMER USA, INC., a
Foreign profit corporation,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA SINGLETON an Individual (hereinafter "Plaintiff") sues Defendant, SANTANDER CONSUMER USA, INC. a foreign profit corporation (hereinafter "Defendant"), for violation of the Telephone Consumer Protection Act, ("TCPA"), and the Florida Consumer Collection Practices Act ("FCCPA") and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a natural person and citizen of the State of Florida, residing in Seminole County, Florida.

2. Defendant is registered with the Florida Department of State, Division of Corporations as a foreign profit corporation. Its registered agent for service of process is C T Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

3. This Court has federal question jurisdiction because this case arises out of violations of federal laws: 47 U.S.C. §227(b). See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 18 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Florida, specifically, but without

limitation, Defendant placed calls to Plaintiff's cellular phone in the Middle District of Florida and Plaintiff is a resident of Seminole County, Florida, which falls within the Middle District of Florida.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

6. At all times material hereto Plaintiff was a "consumer" as defined by the Florida Consumer Collections Practices Act ("FCCPA").

7. At all times material hereto Defendant was a "debt collector" as contemplated by the FCCPA.

8. Santander Consumer USA, Inc. is a consumer finance company focused on vehicle finance and unsecured consumer lending products.

9. Plaintiff did not and does not have an account with Defendant, has not obtained, secured or attempted to secure financing through Defendant, and does not otherwise have any contractual or business relationship with Defendant.

10. Plaintiff does not owe any debts to Defendant.

11. Plaintiff did not give and Defendant did not obtain the required express consent to call Plaintiff's cellular phone with autodialed and/or prerecorded calls[1].

12. In or about September of 2015, Defendant began placing autodialed and/or prerecorded calls to Plaintiff's cellular phone, attempting to collect alleged debts.

13. Defendant's calls were made in an attempt to collect a debt pertaining to an auto loan that Plaintiff was not a party to and did not owe.

14. In addition to the lack of original consent, during nearly every call by Defendant

---

[1] Under the TCPA, the burden is on Defendant to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute.

[1517818/1]  2

thereafter, Plaintiff repeatedly and expressly demanded that Defendant cease, desist, and never again contact her on her cellular phone.

15. Plaintiff also repeatedly informed Defendant that she did not have a loan with Defendant and that they were calling the wrong person.

16. Notwithstanding a lack of consent and express demand to cease and desist all calls to her cellular phone, Defendant placed over two-hundred and fifty (250) autodialed and/or prerecorded phone calls to Plaintiff on her cellular phone.

17. Plaintiff is informed, believes, and based thereon alleges that all phone contact by Defendant to Plaintiff on her cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

18. None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19. Defendant's telephone calls to Plaintiff's cellular phone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

20. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

21. Defendant willfully or knowingly violated the TCPA.

22. Defendant willfully or knowingly violated the FCCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

23. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 22.

24. Defendant, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, and/or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

25. Defendant continued despite Plaintiff's demand to stop.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA") 559.72(9)

26. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 22.

27. Despite having knowledge that Plaintiff did not owe any debt(s) to Defendant, Defendant continued to call Plaintiff in an attempt to collect an illegitimate debt.

28. Under the FCCPA it is unlawful to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

29. Defendant, therefore, has violated the FCCPA, Fla. Stat. § 559.72(9), and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA") 559.72(7)

30. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 22.

31. As mentioned above, Defendant has called Plaintiff over two-hundred and fifty (250) times.

32. Under the FCCPA it is unlawful to "[w]illfully communicate with the debtor or any

member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

33. Defendant, therefore, has violated the FCCPA, Fla. Stat. § 559.72(7), and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

   a. $500.00 dollars in statutory damages for each violation of the TCPA;

   b. $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;

   c. $1,000.00 dollars in statutory damages for violation of the FCCPA;

   d. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

   e. a permanent injunction prohibiting Defendants from placing non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

   f. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

   g. attorney's fees and litigation costs; and

   h. such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

**Dated this 22nd day of April, 2016.**

                Respectfully Submitted,

                ZEBERSKY PAYNE, LLP
*Counsel for Plaintiff, Angela Singleton*
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:    jshaw@zpllp.com
Secondary Email:  mperez@zpllp.com

By_____
    JORDAN A. SHAW, ESQ.
    Florida Bar No. 111771